IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

DENNIS O'NEAL LEE (#101953)                                          PLAINTIFF

vs.                                    CIVIL ACTION NO.: 4:12cv114-MPM-DAS

WEXFORD HEALTH SOURCE, INC., et al.                                 DEFENDANTS

**REPORT AND RECOMMENDATION**

On January 24, 2013, plaintiff Dennis Lee, an inmate housed at the South Mississippi Correctional Institution, appeared before the undersigned for a hearing as set forth in *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), to determine whether there exists a justiciable basis for his claim filed under 42 U.S.C. § 1983. A plaintiff's claim will be dismissed if "it lacks an arguable basis in law or fact, such as when a prisoner alleges the violation of a legal interest that does not exist." *Martin v. Scott*, 156 F.3d 578 (5th Cir. 1998) (citations omitted). The Prison Litigation Reform Act applies to this case because the plaintiff was incarcerated when he filed this lawsuit. *See* 28 U.S.C. § 1915(g).

**Plaintiff's Allegations**

The plaintiff filed the instant action on November 30, 2012, asserting that the following sixteen defendants delayed or denied him adequate medical care: Wexford Health Source, Inc., Christopher Epps, E.L. Sparkman, Billy Smith, Earnest Lee, Vicky Knowels, Timothy Morris, Gloria Perry, Norma Evans, Lorenzo Cabe, Dennis Gregory, Doctor Kim, Juan Santos, Robert Tucker, John Doe[1], and James Doe.

---

[1] At the *Spears* hearing, the plaintiff clarified that Christopher Epps should be named in place of "John Doe."

According to the plaintiff, he was arrested in August of 2009 and transferred to the Central Mississippi Correctional Facility ("CMCF") for intake, where he was given a haircut. He maintains that he received a scalp infection as a result, alleging that CMCF does not follow the Mississippi State Board of Health's sanitary regulations by cleaning the clippers after each use. At various times from August 2009 through September 2012, the plaintiff was housed at CMCF, the Lincoln County Jail, the Mississippi State Penitentiary at Parchman ("Parchman"), and the Carroll Montgomery Regional Correctional Facility ("CMRCF"). The plaintiff states that he began receiving treatment for his scalp infection in December 2009 and at various times was prescribed antifungal antibiotics, steroids, and dial soap for treatment. The plaintiff contends that he continued receiving treatment for his scalp infection at CMRCF in March 2010, and that CMRCF medical personnel, Nurse Henson and Dr. Okonoren, realized that his scalp had not responded favorably to the antibiotic and antifungal medication. The plaintiff asserts that they ordered that the plaintiff be transferred to Parchman for more intensive treatment. Specifically, he maintains that they suggested that he needed to see a dermatologist and/or be administered intravenous antibiotics.

From the plaintiff's testimony at the *Spears* hearing, it appears that the plaintiff was transferred to Parchman from both CMCF and CMRCF at various times for treatment of his scalp condition. He contends that the various doctors and health care professionals at Parchman continued to prescribe the same ineffective medication, and that they refused to refer and/or transport him to a dermatologist, as was recommended by the medical staff at CMRCF. He states, however, that Dr. Burke, a treating physician at Parchman, put in a consult to an off-site specialist, Dr. Wright, who treated the plaintiff at the Bolivar County Medical Center on

2

February 22, 2012 and later performed a biopsy surgery for the plaintiff in April 2012.

At some point, the plaintiff's condition was diagnosed as methicillin-resistant Staphylococcus aureus ("MRSA"), which can be contagious. He alleges that he was given permission to wear a black medical scarf to cover his head, but that Warden Morris at Parchman confiscated his scarf and told his staff not to allow the plaintiff anything to cover his head. He maintains that he received a severe sunburn and skin irritation as a result.

The plaintiff maintains that his condition is extremely painful and embarrassing, and that his condition would have improved if the named defendants would have given him intensive treatment instead of placing him on the same ineffective medications.

## Repetitious Claim

Plaintiff has filed a prior lawsuit alleging that because of the haircut he received, he contracted a scalp infection that was inadequately treated. In October of 2010, he filed a lawsuit in the United States District Court for the Southern District of Mississippi against Lincoln County Sheriff, Steve Rushing; CMCF Warden, James Holman; and Parchman doctor, Hein Schafer. *See Lee v. Rushing*, No. 3:10cv623-FKB. Specifically, he maintained that Warden Holman failed to ensure that State sanitary regulations were followed regarding hair clippers, that Sheriff Rushing unconstitutionally delayed getting Plaintiff adequate medical attention, and that Dr. Schafer failed to adequately treat him while he was housed at Parchman. Following a *Spears* hearing, Dr. Schafer and Warden Holman were dismissed from the suit. Sheriff Rushing later moved for summary judgment, which was granted by the district court on February 22, 2012. *See id.*

Because the plaintiff is a prisoner proceeding *in forma pauperis*, the court must dismiss

the instant action if it is frivolous or malicious. *See* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint that asserts virtually identical causes of action "arising from the same series of events and alleging many of the facts as an earlier suit" is malicious. *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988). In the instant complaint, the plaintiff claims that Christopher Epps and E.L. Sparkman knew that sanitary regulations were not being followed with regard to the use of the clippers at CMCF, and that Christopher Epps, as a State policymaker, failed to remedy the situation. This claim is substantially similar to the claim the plaintiff raised in his earlier complaint and arises out of the same event. The only difference in this case is that the plaintiff has named different defendants as the persons responsible for the allegedly dirty clippers and the plaintiff's scalp infection. This difference does not prevent the suit from being found repetitive. *See, e.g., id.* (repetitious litigation of almost identical cause of action is subject to dismissal as malicious even though different defendants were named in subsequent suit). The plaintiff has had his "one bite at the litigation apple" with regard to this claim and is not entitled to another. *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993). Therefore, the plaintiff's claim as it relates to the failure to ensure that the hair clippers were cleaned and/or that the State Board of Health sanitary regulations were followed should be dismissed.

**Plaintiff's Scalp Infection**

The plaintiff has alleged that medical care was delayed or denied by all of the named defendants. A prison official violates the Eighth Amendment's prohibition against cruel and unusual punishment when he is deliberately indifferent to a prisoner's serious medical needs, which results in "unnecessary and wanton infliction of pain." *Wilson v. Seiter*, 501 U.S. 294, 297 (1991) (citation omitted). The test used to establish deliberate indifference is one of "subjective

4

recklessness as used in the criminal law." *Farmer v. Brennan*, 511 U.S. 825, 839 (1994).

Under this standard, a state action is not liable under § 1983 unless the plaintiff alleges facts which, if true, would establish that the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. When the claim is that medical detention was delayed, rather than a clear denial of medical attention, the plaintiff is required to show that he suffered substantial harm as a result of the delay in order to state a claim. *Mendoza v. Lynaugh*, 989 F.2d 191, 193 (5th Cir. 1993).

Plaintiff has, by his own admission, been extensively treated for his condition and has been referred to off-site medical professionals for treatment. From the plaintiff's complaint and his testimony at the *Spears* hearing, it is apparent that the plaintiff was repeatedly referred from county facilities to Parchman for treatment, where he was given attention by the various medical personnel named in this suit. He was also transported off-site to be examined by Dr. Wright, who performed the plaintiff's biopsy. The plaintiff's real complaint is that the doctors and medical personnel at Parchman did not follow the medical protocol that Nurse Henson and Dr. Okonoren suggested. The defendants failure to do so is a disagreement in medical treatment, which "does not state a claim for Eighth Amendment indifference to medical needs." *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 2001); *Gibbs v. Grimmette*, 254 F.3d 545, 549 (5th Cir. 2001); *see also Alfred v. Texas Dept. of Criminal Justice*, 80 F. App'x 926, 928, 2003 WL 22682118 at *1 (5th Cir. Nov. 13, 2003) (finding prison medical director's refusal to refer to plaintiff to a specialist did not amount to deliberate indifference to a serious medical need).

5

The plaintiff maintains that all of the named defendants "had knowledge of his condition" and failed to send him to a dermatologist, thereby denying him what he perceives to be the necessary medical treatment for his condition. Even if a dermatologist consult was the best available treatment for the plaintiff's condition, the alleged misdiagnosis or mistreatment of the plaintiff's condition does not support the finding of an Eighth Amendment violation. *See, e.g., Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991) (finding medical malpractice alone does not support § 1983 cause of action).

For these reasons, the plaintiff's allegation that the defendants delayed and/or denied him adequate medical care of his scalp infection should be dismissed for failure to state a constitutional claim.

**Plaintiff's Medical Scarf**

Plaintiff's remaining claim is that Warden Morris refused to allow him to wear a black medical head scarf while he was housed at Parchman, despite the fact that the plaintiff had a written medical profile from Dr. Okonoren at CMRCF stating that the scarf was necessary to protect the plaintiff's scalp and to protect other inmates from catching MRSA. He alleges that Warden Morris knew of his condition and the risks inherent to both the plaintiff and others if his scalp was exposed, but that Warden Morris nonetheless ordered his staff to ensure that the plaintiff was not given a head covering. In a series of events that occurred in August 2012, the plaintiff maintains that, because he was not allowed a head covering, he received a severe sunburn that resulted in sickness and his hospitalization. The plaintiff has sufficiently alleged that Warden Morris was deliberately indifferent to his serious medical needs, and this claim should proceed.

In sum, the undersigned respectfully recommends that process should issue against Timothy Morris for deliberate indifference to the plaintiff's serious medical condition, and that the remaining defendants be dismissed for the plaintiff's failure to state a claim upon which relief can be granted.

### Handling of Objections, Acknowledgment of Receipt

The appropriate procedures for filing objections to these findings and recommendations are found in 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b). Objections must be in writing and must be filed within fourteen (14) days of this date, and "a party's failure to file written objections to the findings, conclusions, and recommendations in a magistrate judge's report and recommendation within [14] days after being served with a copy shall bar that party, except on grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. . . .". *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc) (citations omitted); *see also United States v. Carrillo-Morales*, 27 F.3d 1054, 1061-62 (5th Cir. 1994), *cert. denied*, 513 U.S. 1178 (1995).

The plaintiff must acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the clerk of the court within fourteen (14) days of this date. Failure to comply with the requirements of this paragraph may lead to dismissal of this lawsuit under Fed. R. Civ. P. 41(b) for failure to prosecute the claim and for failure to comply with an order of the court.

Respectfully submitted this the 28th day of January, 2013.

/s/ David A. Sanders
**U.S. MAGISTRATE JUDGE**